**William Roger SHELTON**

v.

**ADS ENVIRONMENTAL SERVICES, et al.**

Supreme Court of Tennessee, at Nashville.

October 2, 2002 Session.

March 14, 2003.

---

Gordon C. Aulgur, Nashville, Tennessee, for the appellants, ADS Environmental Services and Zurich American Insurance.

Roger W. Hudson, Murfreesboro, Tennessee, for the appellee, William Roger Shelton.

## OPINION

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

This workers' compensation case is before this court on interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We granted interlocutory appeal in this case, as well as in the companion case of *McCall v. National Health Corp.*, to determine whether the trial court has the authority to initiate temporary workers' compensation benefits prior to trial. In accordance with the reasoning and holding in *McCall*, we find that the trial court has this authority.

The case under submission presents the same issue that this Court addressed in its companion case, *McCall v. National Health Corp.*, which we have just decided in a separate opinion. In *McCall*, we held that the trial court has the authority to initiate temporary benefits prior to trial; therefore, *McCall* is dispositive of the issue presented herein. Because we granted review in this case and have decided to treat it as a companion case to *McCall*, we now apply the rule articulated in *McCall* to the facts of this case.

## I. Facts and Procedural History

William Roger Shelton, the appellee, was employed by ADS Environmental Services ("ADS") for approximately fifteen years as a technician. His duties included cleaning sewer lines. On March 9, 2001, tests confirmed that Shelton had contract-

ed Hepatitis C,[1] which, he alleged, was a result of contact with a contaminated needle that occurred as he was cleaning sewer lines. After receiving notification of Shelton's injury, ADS provided Shelton with a panel of physicians, one of whom was already Shelton's treating physician. Shelton's treating physician and another physician Shelton saw independently opined that Shelton's injury from the needle stick or sticks could be the cause of his exposure to Hepatitis C. The third doctor, who Shelton saw after ADS's demand for an independent medical examination, stated that he could not exclude a needle stick as the cause of Shelton's Hepatitis. Asserting that the medical evidence did not establish a causal relationship between Shelton's injury and his employment, ADS rejected his workers' compensation claim.

Shelton then filed a complaint in Chancery Court seeking workers' compensation benefits. Shelton alleged that he contracted Hepatitis C during the course and scope of his employment. ADS filed an answer denying this allegation. Thereafter, Shelton filed a motion requesting that the court initiate temporary benefits. Finding the existence of a causal relationship between Shelton's work at ADS and his Hepatitis C, the trial court ordered ADS to pay Shelton's medical expenses and, in the event he could no longer work, pay temporary total disability benefits as well.

ADS moved to alter or amend the judgment or, in the alternative, moved for an interlocutory appeal. The trial court granted ADS's motion for interlocutory appeal and, in its order granting the appeal, noted the need to develop a uniform body of law with regard to the trial court's authority to initiate temporary benefits prior to trial. Because we agree, we granted appeal.

## II. Standard of Review and Analysis

■ The issue presented here is one of statutory interpretation and, as such, is reviewed de novo with no presumption of correctness afforded to the trial court's decision. *Memphis Publ. Co. v. Cherokee Children & Family Servs.*, 87 S.W.3d 67, 74 (Tenn.2002).

■ In *McCall*, we held that a trial court has the authority to initiate temporary workers' compensation benefits prior to a trial on the merits of the employee's workers' compensation claim. *McCall v. Nat'l Health Corp.*, 100 S.W.3d 209 (Tenn. 2003). In the case under submission, the trial court ordered that ADS initiate temporary benefits to Shelton prior to a trial on the merits of Shelton's workers' compensation claim. As articulated in *McCall*, the trial court's order did not exceed its jurisdiction or its authority. *Id.*

■ ADS contends that the trial court's decision to initiate temporary benefits was a dispositive ruling on the merits of Shelton's claim and, therefore, was equivalent to granting Shelton summary judgment. As such, ADS reasons that the trial court was required to find that there was no genuine issue of disputed material fact before initiating benefits. We do not agree. The trial court's order is not a dispositive ruling on the issue of causation because the trial court will consider the matter at a subsequent trial. Since it is not a dispositive ruling, the trial court should apply the

---

1. According to the doctors that examined Shelton, Hepatitis C attacks the liver, and its treatment involves a four to eight month therapy that will induce viral-type symptoms in some people including headaches, chills, fever, myalgias, and generalized body ache. Hepatitis C can be contracted by intravenous drug use, sexual contact with another infected person, blood transfusions, intranasal cocaine use, tattoos and needle sticks.

standard of proof that we articulated in *McCall* and need only determine "that the employee seeking benefits is likely to succeed on the merits of the claim," *McCall,* at 214 before initiating temporary benefits. The trial court in the case under submission applied a standard substantially similar to the standard articulated in *McCall.* We therefore affirm the trial court's decision.

### III.   Conclusion

█ In accordance with the foregoing, we hold that the trial court has the power to initiate temporary benefits in a workers' compensation case. Thus, the trial court in the case under submission did not exceed its authority in ordering ADS to commence temporary benefits to Shelton. Accordingly, the order of the trial court is affirmed and the case is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are taxed to ADS Environmental Services.